UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B.R. – S.O.H. LLC (Sons of Hemp), *et al.*,

                Plaintiffs,        Civil Action No. 17-11093
                                      Honorable Avern Cohn
                                      Magistrate Judge David R. Grand

v.

CITY OF DETROIT,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [4]

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction filed by the *pro se* plaintiffs in this case. (Doc. #4). An Order of Reference was entered on April 18, 2017, referring this matter to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #5).

**I.    REPORT**

    **A.    Background**

On April 6, 2017, the plaintiffs – a group of individuals who operate medical marihuana clinics ("Plaintiffs")[1] – filed a complaint in this Court against Defendant City of Detroit

---

[1] Although not entirely clear from the face of Plaintiffs' pleadings, it appears that some of the plaintiffs are corporations or other forms of business entity that are not permitted to appear *pro se* in federal court litigation. As this Court explained in *Reliable Carriers, Inc. v. Taylor Online Mktg.*, No. 12-cv-10770, 2012 WL 2154970, at *2 (E.D. Mich. June 13, 2012):

> It is well established that corporations are not permitted to appear in federal court *pro se*, nor are they permitted to appear through a lay person; rather they must appear represented by counsel. 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir. 1969). Furthermore, a corporate president may

("Defendant"). (Docs. #1, #6). In their complaint, Plaintiffs seek a declaration that Defendant's city ordinances 31-15 and 30-15 (the "Medical Marihuana Ordinances") are unconstitutional, and they assert claims for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, for "selective enforcement and racial bias," and for violation of their due process rights under the Fourteenth Amendment. (*Id.*).

From a review of the Court's docket, as well as assertions made in Plaintiffs' complaint, it appears that at least a handful of the plaintiffs in this case filed a prior complaint against Defendant in the Wayne County Circuit Court on April 1, 2016 (Case No. 16-004201-CZ) (the "State Court Action"). (*Id.* at ¶¶70, 71). In the State Court Action, the plaintiffs asserted the same or similar claims – namely, that the City of Detroit's medical marihuana ordinance, 31-15, was unconstitutional and violated their rights under the First and Fourteenth Amendments. (*Id.* at ¶73). After Defendant removed the State Court Action to this federal court, the plaintiffs filed a motion to remand, which was granted on July 12, 2016. (*Id.* at ¶¶74, 75; Civil Action No. 16-11492, Doc. #10). Thus, the plaintiffs filed their prior action in state court and successfully opposed Defendant's attempt to litigate their claims in federal court.

The State Court Action then proceeded in the Wayne County Circuit Court before the Honorable John A. Murphy, who denied the plaintiffs' "Emergency Ex Parte Motion for Show Cause Order and/or Preliminary Injunction against the City of Detroit and Ordinance 31-15" and subsequently granted Defendant's motion for summary disposition, dismissing the plaintiffs' case with prejudice. (Doc. #1 at ¶¶77, 95). Rather than appealing Judge Murphy's rulings to the

---

> not represent his/her corporation before a federal court. *9.19 Acres of Land*, 416 F.2d at 1245; *see also Settlement Facility Dow Corning Trust v. D'Iorio*, No. 11-10562, 2012 U.S. Dist. LEXIS 45078, 2012 WL 1079922 (E.D. Mich. March 30, 2012).

Accordingly, the business entity plaintiffs are advised that they must retain counsel to represent them in this matter, or the complaint may be dismissed without prejudice as to them.

Michigan Court of Appeals, Plaintiffs filed the instant action, alleging that they were "denied due process in Wayne County Circuit Court." (*Id.* at ¶76). Plaintiffs allege that they were not "aware that they had automatic appeal rights and failed to make an automatic appeal to the Michigan Court of Appeals." (*Id.* at ¶99). As a result, Plaintiffs have now apparently filed an application for leave to appeal to the Michigan Court of Appeals. (*Id.* at ¶100). However, because of "the rather lengthy turnaround period for pursuing cases within the Michigan Court of Appeals," Plaintiffs have also filed the instant federal court complaint, alleging that their "property rights and businesses" will be "endangered … prior to when the case can be heard by the Michigan Court of Appeals." (*Id.* at ¶101). Consequently, Plaintiffs ask this Court to issue a temporary restraining order ("TRO") and/or preliminary injunction preventing Defendant from enforcing the Medical Marihuana Ordinances against them. (*Id.* at 13).

**B.     Legal Standard**

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held."[2]  *Koetje v. Norton*, No. 13-cv-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct.

---

[2] While Plaintiffs indicate that they served their instant motion upon Defendant "by personal service on the legal office for the City of Detroit in the City County building @ 2 Woodward 5th Floor" (Doc. #4 at 5), no proof of service has been filed indicating that Defendant has been served with a summons and complaint in this matter. Accordingly, in light of Rule 65(a)(1)'s mandatory notice requirement ("The court may issue a preliminary injunction only on notice to the adverse party."), it is at best questionable as to whether the Court could even issue the requested preliminary injunction. *See Dunbar v. Prelesnik*, No. 13-cv-1100, 2015 WL 1393376, at *5 (W.D. Mich. Mar. 25, 2015) ("As an initial matter, [plaintiff's] request seeks an *ex parte* preliminary injunction. The Court may not issue an *ex parte* preliminary injunction.") (citing *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130-31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law") and *Consolidation Coal Company v. Disabled Miners of Southern West Virginia*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of *ex parte* preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary

23, 2013). The movant bears a substantial burden of demonstrating entitlement to preliminary injunctive relief. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief should be granted only if "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The same factors are considered in determining whether to grant a request for a TRO or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *See Overstreet*, 305 F.3d at 573. Ultimately, whether to grant such relief is a matter within the discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

### C. Analysis

After a review of Plaintiffs' pleadings in this matter, the Court finds that the first *Overstreet* factor – likelihood of success on the merits – is fatal to Plaintiffs' request for a TRO. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical*

---

injunction shall be issued without notice to the adverse party'")). Similarly, Fed. R. Civ. P. 65(b)(1) states that a TRO may be issued without written or oral notice to the adverse party or its attorney only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required." Again, with no proof of service on file indicating that Defendant has been served with process, it is at best questionable as to whether Plaintiffs satisfied these requirements. Even if they did, however, for the reasons stated herein, their instant motion lacks merit and should be denied.

*Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiffs' present suit, which appears to be little more than an attempt to appeal Judge Murphy's decision in the State Court Action, cannot be said to have any reasonable likelihood of success in this Court. Most, if not all of the claims asserted in the instant action appear to be barred by the *Rooker-Feldman* doctrine and – at least as to some of the named plaintiffs – the principles of res judicata.[3] The *Rooker-Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, from performing appellate review of state court rulings. *See Givens v. Homecomings Fin.*, 278 F. App'x 607, 608-09 (6th Cir. 2008). The Supreme Court has narrowed this doctrine by explaining that it is confined to "cases brought by state-court losers complaining of injuries caused by state court judgments … and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Applying *Exxon Mobil*, the Sixth Circuit has since "distinguished between plaintiffs who bring an impermissible attack on a state court judgment – situations in which *Rooker-Feldman* applies – and plaintiffs who assert independent claims before the district court – situations in which *Rooker-Feldman* does not apply." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (internal quotations omitted).

In the instant case, it appears likely that *Rooker-Feldman* applies and bars Plaintiffs' claims. Plaintiffs specifically challenge Judge Murphy's handling of a motion for default judgment in the State Court Action, contending that "[t]he Federal Docket Sheet [] establishes what date the State Court should have started their clock for default judgment…A motion for default on the face of the record was never addressed, then when approached by newly retained

---

[3] Indeed, in an Order to Show Cause issued concurrently with this Report and Recommendation, the Court has directed Plaintiffs to show cause why this action should not be dismissed on these grounds. (Doc. #10).

counsel, Judge Murphy did not allow retained counsel to adjourn the proceedings and amend the complaint or address the default motion." (Doc. #1 at ¶¶16-17). In short, *all* of the named plaintiffs in this action allege that they were "denied due process in Wayne County Circuit Court" due to Judge Murphy's decision granting Defendant's motion for summary disposition and his dismissal of their claims with prejudice in that case. (*Id.* at ¶¶49, 76, 95). They further indicate that an application for leave to appeal has been filed with the Michigan Court of Appeals, but that they also filed the instant action because of "the rather lengthy turnaround period" in that court. (*Id.* at ¶101). It certainly appears then, that Plaintiffs are bringing an "impermissible attack on a state court judgment," which would be barred by *Rooker-Feldman*. As such, Plaintiffs have not established a likelihood of success on the merits and their motion for preliminary injunctive relief should be denied.[4]

Moreover, the Court has reviewed the substantive allegations in Plaintiffs' complaint (Doc. #1) and their emergency motion for TRO and preliminary injunction (Doc. #4), and finds that Plaintiffs failed to present any sort of cogent factual and/or legal analysis establishing that they are likely to succeed on the merits of their claims. Their motion for injunctive relief contains a few conclusory allegations, such as: (1) "[u]nless enjoined by this Court, Defendant

---

[4] Moreover, to the extent the plaintiffs in the State Court Action now allege that they are not merely attacking the state court judgment – but are also asserting new claims against Defendant (for example, a RICO claim) – such claims would likely be barred by principles of *res judicata*. This Court must give the same preclusive effect to the state court judgment as another Michigan court would give to that judgment. *See Exxon Mobil*, 544 U.S. at 293. "Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not." *Luckett v. U.S. Bank Nat'l Ass'n*, No. 08-14285, 2009 WL 22858, at *4 (E.D. Mich. Jan. 5, 2009). Here, then, where some of the claims Plaintiffs seek to assert involve the same facts that were necessary to a determination of the State Court Action, it would appear that such claims are barred by *res judicata*, at least as to those plaintiffs who litigated the State Court Action (which, again, is not entirely clear at this juncture).

may cease operations of the Plaintiffs [sic] businesses"; (2) Defendant's "Chief Attorney" has announced a desire to "destroy the specialized medical marihuana industry in Detroit…"; and (3) "[t]here is substantial likelihood that Plaintiff[s] will establish at trial that the ordnance [sic] is a RICO law established by selective prosecution, which the local judge allowed to be covered up by suspending due process . . ." (Doc. #4 at 2). However, these factual assertions and legal conclusions are vague and wholly unsupported by any evidence, and thus do not establish a likelihood of success on the merits. *See, e.g., Metropolitan Life Ins. Co. v. Bentley*, No. 14-cv-14939, 2015 WL 163581, at *2 (E.D. Mich. Jan. 13, 2015) ("But once again, this conclusory claim, without more, will not support the issuance of a TRO."); *Coleman v. Bradley*, No. 1:07-CV-468, 2009 WL 464481, at *2 (W.D. Mich. Feb. 23, 2009) (denying motion for TRO where plaintiff's allegations were "vague, conclusory and unsupported by any factual basis").

Plaintiffs' motion largely refers back to the complaint, but that document also contains only vague unsupported allegations and legal conclusions. For instance, Plaintiffs assert that Defendant conducted "illegal and warrantless searches" of their businesses, and "has allowed only non-African American caregivers to continue to operate, using racial discrimination as the basis of its selective enforcement." (Doc. #1 at ¶¶53, 55, 65). Yet, Plaintiffs have not provided any specifics or evidence in support of any of these claims, and thus have not shown a likelihood of success on the merits. *See, e.g., Bentley*, 2015 WL 163581, at *2; *Coleman*, 2009 WL 464481, at *2.

Plaintiffs' civil RICO claims are unlikely to succeed for an additional reason. Plaintiffs allege, "The Medical Marihuana Ordinances do not legalize the 'dispensaries' within the meaning of the MMMA either, and the collection of fees, fines and other costs, and the procedures to license or control Plaintiffs [sic] facilities constitute a racketeering or criminal

7

enterprise by the Defendant within the meaning of RICO."[5] (*Id.* at ¶47). However, any such claim seems likely to fail. The only named defendant in this case – the City of Detroit – is legally incapable of acting with the *mens rea* required to commit a civil RICO violation. *See, e.g., County of Oakland by Kuhn v. City of Detroit*, 784 F. Supp. 1275, 1283 (E.D.Mich.1992) ("Upon the weight of authority, this court holds that a municipal corporation cannot form the requisite criminal intent and cannot be held liable under the civil RICO laws."); *Cargile v. Michigan*, No. 10-10072, 2010 WL 3222024, at *6 (E.D. Mich. June 18, 2010), report and recommendation adopted, No. 10-10072, 2010 WL 3222021 (E.D. Mich. Aug. 13, 2010) ("[A]n unpublished Sixth Circuit case and district courts within the Sixth Circuit have all held that a RICO claim cannot be established against a municipality because a municipality cannot form the specific intent necessary to establish a RICO claim."); *Call v. Watts*, No. 97–5406, 1998 WL 165131, at *2 (6th Cir. Apr. 2, 1998) (per curiam); *Hicks Properties, LLC v. Cincinnati Metropolitan Housing Authority*, No. 1:09–CV–21, 2009 WL 2591679, *2 (S.D. Ohio Aug. 20, 2009) (holding that a "RICO claim cannot be established against a municipality because a municipality cannot form the specific intent necessary to establish a RICO claim"). At a minimum, this shows that Plaintiffs have not established a likelihood of success on the merits of their civil RICO claims.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction **[4]** be **DENIED**.

---

[5] The relevant RICO statute, 18 U.S.C. § 1962(c), prohibits "any person ... associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

| Dated: April 24, 2017 | s/David R. Grand |
| --- | --- |
| Ann Arbor, Michigan | DAVID R. GRAND |
| | United States Magistrate Judge |

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2017.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
