UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


B.R. - S.O.H. (Sons of Hemp), LLC, et al.,

    Plaintiffs,

v.                                                                       Case No. 17-11093

CITY OF DETROIT, and JOHN DOES               HON. AVERN COHN
1-20,

    Defendants.

_____/

**<u>ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 73)
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 53)
AND
DENYING PLAINTIFF'S OBJECTIONS (Doc. 77) AND MOTION FOR
RECONSIDERATION (Doc. 78)
AND
DISMISSING CASE</u>**


I. Introduction

This is essentially a civil rights case. Plaintiffs are a group of medical marijuana dispensaries or collectives that are or were operating in the City of Detroit. In the original complaint (Doc. 1), plaintiffs seeks a declaration that two of the City's ordinances, Ordinances 30-15 and 31-15, are unconstitutional. Plaintiffs also assert claims for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq., for "selective enforcement and racial bias," and for violation of

their due process rights under the Fourteenth Amendment.[1]  The matter has been referred to a magistrate judge.  The City filed a motion to dismiss or for summary judgment (Doc. 53).  After the City filed its motion, plaintiffs filed a motion for leave to file a second amended complaint, naming some of the twenty John Doe defendants (Doc. 62).  Plaintiffs also filed a motion to compel (Doc. 67).  The magistrate judge issued a report and recommendation (MJRR), recommending that the City's motion be granted and plaintiffs' motions be denied.  (Doc. 73).  Because the motion to amend and motion to compel are non-dispositive, the magistrate judge also issued orders denying both motions for the reasons given in the MJRR.  See Docs. 75 (amend) and 75 (compel).

Before the Court are plaintiffs' objections to the MJRR (Doc. 77) and plaintiffs' motion for reconsideration of the orders denying their motion for leave to amend and their motion to compel.  (Doc. 78).

For the reasons that follow, the MJRR will be adopted, the City's motion for summary judgment will be granted, plaintiff's objections and motion for reconsideration will be denied, and the case will be dismissed.

## II.  Legal Standards

When a party files timely objections to a magistrate judge's opinion and order concerning a non-dispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

---

[1] As the magistrate judge noted, the First Amended Complaint (Doc. 40) does not contain a due process claim.  However, because the parties addressed the claim in their summary judgment papers, the magistrate judge appropriately considered the claim.

2

law." Fed. R. Civ. P. 72(a).

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

## III. Discussion

Plaintiffs object to the denial of their motion for leave to amend and motion to compel, both are non-dispositive matters. Plaintiffs have argued their position both in their objections to the MJRR and motion for reconsideration. The Court has reviewed their arguments, which are essentially the same arguments rejected by the magistrate judge. As to the motion for leave to amend, the magistrate judge correctly noted that the motion was untimely and concluded that granting leave would be prejudicial to the City and, and most significantly, amendment was futile. The magistrate judge was also correct in concluding that naming the John Does individually does not save plaintiffs' RICO claims because individuals, like the City, cannot be held liable under civil RICO in

3

their official capacities. Nothing in plaintiffs' objections or request for reconsideration convinces the Court that the magistrate judge erred.

As to the motion to compel, the magistrate judge found that the motion was untimely (filed months after the close of discovery and after full briefing on the City's dispositive motion) and plaintiffs failed to provide good cause for the belated filing. In their objections and motion for reconsideration, plaintiffs provide some explanation for their delay; however, the Court is not persuaded by plaintiffs' explanation. Notably, although plaintiffs made a bald assertion in their summary judgment response that "compilation of data" to support their claims "has been difficult" due to the City's "failure to properly conduct discovery," plaintiffs did not provide any detail nor did they invoke Rule 56(d) to argue they needed discovery in order to respond to the City's motion. Overall, the Court is satisfied that plaintiffs' motion to compel was properly denied.

As to the substance of the MJRR, plaintiffs contend that the magistrate judge erred in recommending dismissal of their § 1983 Monell claim. As the magistrate judge carefully explained, however, plaintiffs failed to provide sufficient evidence that the City had an unlawful policy regarding enforcement of its ordinances or selectively enforced its ordinances. While plaintiffs disagree with the magistrate judge's assessment of the record, the Court has reviewed the record and likewise concludes that plaintiffs have not meet their evidentiary burden. Like their summary judgment response, plaintiffs make several sweeping statements in their objections but fail to cite any facts to support their assertions. The record simply does not support a § 1983 claim against the City.

IV. Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. The City's motion is GRANTED. Plaintiffs' objections and motion for reconsideration are DENIED. This case is DISMISSED.

SO ORDERED.

                                                  S/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: 5/29/2019
      Detroit, Michigan